FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 DEC 18 PM 3: 33

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| Dr. ANDRE LAVON GRANT, a teacher, )<br><br>Plaintiff,  )<br><br> )<br><br>v.  )<br><br> )<br><br>THE SCHOOL BOARD OF VOLUSIA  )<br>COUNTY, FLORIDA; JAMES RUSSELL,  )<br>in his official capacity as  )<br>Superintendent of Schools for  )<br>The Volusia County School  )<br>District; and ARTHERLEY SANDS,  )<br>in his official capacity as  )<br>Principal of Richard Milburn  )<br>Academy of Florida,  )<br> )<br>Defendants.  )<br>_____ ) | Civil Action No.<br><br>6:17-CV-2171-ORL-37-KRS |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND NOMINAL DAMAGES

INTRODUCTION

1. Dr. Andre L. Grant ("Dr. Grant" or "Plaintiff") was a classroom teacher who taught at Richard Milburn Academy ("Richard Milburn Academy") of Florida, a Charter High School, in De Land, Florida from August, 2017 until December 8, 2017. Plaintiff holds Bachelor's Degree (B.S.) in Physical Education from Bethune-Cookman College (BCC), now known as Bethune-Cookman University, (BCU) in Daytona Beach, Florida. Dr. Grant also

1

holds a Master's of Art's in Teaching Degree (M.A.T) from Jacksonville University (JU) in Jacksonville, Florida. And, Dr. Grant also holds a Doctor of Philosophy (Ph.D.) in Educational Leadership from Florida Agricultural & Mechanical University (FAMU) in Tallahassee, Florida. Dr. Grant holds a professional teaching certificate (#547612) through the Florida Department of Education. Dr. Grant is professionally certified in Educational Leadership, Exceptional Student Education, French, Health and Physical Education for grades Kindergarten through twelfth. Dr. Grant is active in his community, the State of Florida, and the Federal Government. Dr. Grant volunteers on school accreditation teams reviews through AdvancEd, School Accreditation. Dr. Grant serves as a peer reviewer for the United States Department of Postsecondary Education and the United States Department of Justice. Dr. Grant is also African-American. However, unfortunately, he has been discriminated against by the Volusia School District ("District").

2. Although Dr. Grant is a very knowledgeable, a hard-working, and high achieving teacher, the district and Richard Milburn Academy has discriminated against him by refusing to allow him access to serve as a teacher or substitute teacher in any of the public schools in the District, because Dr. Grant stated to a student, "If I'd quit this job and saw you in the mall or somewhere, you would not act this way". This conduct has

2

a negative and harmful impact on Dr. Grant, branding him as unfit to earn a living in his chosen profession. Dr. Grant was the only African American male teacher at the De Land Campus teaching at-risk students. Artherley ("Sands") Sands, principal, stated in the termination letter to Dr. Grant that his statement created a hostile environment and was threatening. Mr. Sands forwarded that termination letter to the District prior to Dr. Grant addressing the Richard Milburn Governing Board ("Governing Board") for reinstatement to the Richard Milburn West Campus on December 5, 2017. Dr. Grant brings this suit because he has a simple request: to be treated like other teachers and be able to teach or substitute teach so that he too can focus on his career, rather than the humiliation of being denied access to the teaching profession as others teachers are able to do so.

3. Dr. Grant seeks a declaratory judgment that his exclusion from serving as a substitute teacher and/or substitute teaching by Defendants The School Board of Volusia County, Florida ("Defendant School Board" or "School Board"); James T. Russell, in his official capacity as Superintendent of Schools for the Volusia County School District; and Artherley("Sands")Sands, in his official capacity as Principal, Richard Milburn Academy, A Charter High School (collectively, "Defendants") violates the Equal Protection Clause of the Fourteenth Amendment to the U.S.

Constitution and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX"). Dr. Grant also seeks preliminary and permanent injunctive relief enjoining Defendants from denying him equal access to serve as a substitute teacher or substitute teach, and nominal damages against the Defendant School Board only for the violation of Dr. Grant's rights under the Fourteenth Amendment to the U.S. Constitution and Title IX.

## PARTIES

4. Plaintiff, Dr. Andre L. Grant is a 56-year-old male teacher who taught at Richard Milburn Academy, A Charter High School, within the Volusia County School District ("District"). Dr. Grant is African-American. Dr. Grant is subject to the policies of Defendants, including Defendants' policy, custom, or practices that bar educators from substitute teaching. Dr. Grant sues pursuant to Federal Rule of Civil Procedure 17(c). Defendant, The School Board of Volusia County, Florida, in accordance with the provisions of section 4(b) of Art. IX of the State Constitution and Fla. Stat. § 1001.32(2), operates, controls, and supervises all public schools in the District, including Richard Milburn Academy, as a Charter High School. The School Board is empowered to determine the policies necessary for the effective operation of the school system, including the policy, custom, or usage challenged here that bars

4

educators from substitute teach, and serve as a substitute teacher. As a political subdivision of the State of Florida, the School Board is subject to civil suits pursuant to Fla. Stat. § 1001.41(4) and is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983. Defendant James T. Russell ("Superintendent Russell") is, or was at the time of the events giving rise to this action, the Superintendent of Schools for the District who has been delegated authority and responsibility for the administration and management of schools, including Richard Milburn Academy, Charter High School, as the secretary and executive officer of the School Board pursuant to Fla. Stat. § 1001.32(3). Superintendent Russell has both the authority and responsibility to enforce the School Board's policies, including the policy, custom, or usage that bars Dr. Grant from substitute teaching in Volusia County Schools.

5. Defendant Artherley Sands ("Principal Sands" or "Sands") is, or was at the time of the events giving rise to the action, the Principal of Richard Milburn Academy, who has been delegated authority and responsibility for the administration of Richard Milburn Academy, pursuant to Fla. Stat. § 1001.32(4). Principal Sands is an employee of Richard Milburn Academy and is under the general supervision of, and subject to the Governing Board of Richard Milburn Academy. Principal Sands has both the authority and responsibility to enforce the Governing Board's policies,

5

including the policy, custom, or procedures that ultimately caused the District to bar Dr. Grant from substitute teaching or serving as a substitute teacher.

6. Superintendent Russell and Principal Sands are each sued in their official capacities. Each of them is a "person" within the meaning of 42 U.S.C. § 1983 and is, and was, acting under color of state law at all times relevant to this complaint.

7. Defendants, through their respective duties and obligations, are responsible for the exclusion of Dr. Grant from serving as a substitute teacher within the school district. Each Defendant, and those subject to their direction, supervision, or control, has or intentionally will perform, participate in, aid and/or abet in some manner the acts alleged in this complaint, has or will proximately cause the harm alleged herein, and has or will continue to injure Dr. Grant irreparably if not enjoined. Accordingly, the relief requested herein is sought against each Defendant and their successors, as well as all persons under their supervision, direction, or control, including, but not limited to, their officers, employees, and agents.

## JURISDICTION AND VENUE

8. This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights secured by the

United States Constitution and under Title IX.

9. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the matters in controversy arise under the Constitution and laws of the United States; and pursuant to 28 U.S.C. §1343(a)(3) and (4) because the action is brought to redress deprivations, under color of state authority, or rights privileges and immunities secured by the U.S. Constitution and seeks to secure damages and equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil rights.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 1.02(c) because Defendants reside within this judicial district and division, and all Defendants reside within the State of Florida; and because a substantial part of the events that gave rise to the Dr. Grant's claims took place (or will take place going forward through continued enforcement of the unlawful policy) within this judicial district and division.

11. This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202.

12.   This Court has personal jurisdiction over Defendants because they are domiciled in Florida.

## FACTUAL ALLEGATIONS

13.   Dr. Grant is 56 years old male teacher, and began serving as a classroom teacher on or around August 15, 2017.

14.   Dr. Grant hoped to return to a public high school to accrue and complete five (5) additional years of public school teaching in order to achieve thirty (30) years in the Florida Retirement System (FRS).

15.   On November 29, 2017, student, Oscaly Rivera ("Oscaly"), an eighteen (18) year old adult student walked out of class, without permission. As a result, Dr. Grant completed a discipline referral on Oscaly and submitted it to the administration of Richard Milburn Academy. About ten (10) minutes later Oscaly returned to class and threw a sheet of paper, his assignment, on my desk and walked out. When Oscaly return to my class, he did not possess a disposition of discipline referral that Dr. Grant wrote earlier. On November 30, 2017, Oscaly returned to class approximately ten (10) minutes before the end of the period. Again, when Oscaly returned to class, he did not possess a disposition of the discipline referral written the previous day. Nor did Dr. Grant receive one from the administration. When Oscaly entered class,

8

he walked in and sat at the front of the classroom. While seated in the front, Oscaly began to disrespectfully say that Dr. Grant was going to grade his paper and give him a grade or else. And, that he spoke with the administration who said that Dr. Grant will give him a grade. My response was, "Really, okay!". Dr. Grant then, called for the security monitor, Tiffany to explain to her how Oscaly was behaving. After doing so, Dr. Grant called Oscaly out of class into the hallway and told him that Dr. Grant was not going to continue to allow him to disrupt and distract my class. Dr. Grant further said that "if I'd quit this job and saw him in the mall somewhere Oscaly would not act this way". Oscaly stood there while Dr. Grant was talking and did not respond. Ms. Tiffany then, said that Dr. Grant was threatening Oscaly and that she was not going to stand there and let Dr. Grant do so. Dr. Grant told Ms. Tiffany that he was not threatening Oscaly and asked her what was she talking about? Ms. Tiffany then asked Ms. Deb to step out of the classroom to listen to the conversation. Later in the day, Ms. Tiffany came to my classroom door and said that Principal Sands wanted to speak with me. Dr. Grant spoke with Principal Sands about the incident. Dr. Grant noticed that Principal Sands had statements from students and someone else. Dr. Grant was never allowed to review, or see any redacted statements written by the students. Principal Sands listened to my recollection of what happened and

9

said that he would speak with me later in the day.

16.    Instead, Principal Sands gave Dr. Grant a sealed envelope that he accepted. Dr. Grant thought it was a written reprimand, but in fact, it was a written termination. After reading the termination letter, Dr. Grant called Sands for about five (5) hours, but Sands did not answer his call. The next, day, on December 1, 2017, Dr. Grant received a text message that Sands would call him before noon. At that time, Dr. Grant requested reinstatement because the statement to Oscaly was not a threat or intimidating. Dr. Grant also requested a hearing with the governing board of Richard Milburn. Sands directed Dr. Grant to attend the December 5, 2017 board meeting at 3pm. When Dr. Grant arrived at the Daytona Campus at 2:30pm, the school resource officer directed him to sit in a chair near the window and wall. Dr. Grant declined and stated that he would return at 3pm. Dr. Grant then requested that the resource officer get copies of the documents and his agenda handouts for him.

17.    When Dr. Grant returned I was told that I had three (3) minutes to address the governing board. I believe that I was permitted to address the governing board for a total of five (5) minutes.

18.    At the end of five (5) minutes, he asked when would he received a resolution. Mr. Sam Smith ("Smith") stated before the end of the week. However, as of today, Dr. Grant has not

received any resolution to his wrongful termination.

19.  As a result, Dr. Grant has experienced and continues to experience the harmful effects of being separated from, and treated differently than, his colleagues of the same gender identity at Richard Milburn Academy and Volusia County School District, including lowered self-esteem, embarrassment, humiliation, social isolation, and stigma.  All of these harmful effects have also heightened the symptoms, including depression and anxiety suffered by Dr. Grant.

20.  Through their actions, Defendants have purposefully disrupted Dr. Grant's teaching career and employment.

21.  Principal Sands' termination letter stated that Dr. Grant "created a hostile and intimidating environment for students, by making threats that were witnessed by students and your colleagues". Richard Milburn has closed circuit television cameras throughout the building that would vindicate Dr. Grant but Sands refused to view the videos. Florida Statutes 1012.335 defines the term "just cause". The actions described in Sands termination letter does not meet the definition of just cause.

**CLAIMS FOR RELIEF**
**COUNT I**

**Denial of Equal Protection**
**U.S. Const. Amend. XIV**
**(Against All Defendants)**

22.  Dr. Grant incorporates paragraphs 1 through 20 as

11

though fully set forth herein.

23.   Dr. Grant states this cause of action against all Defendants for purposes of seeking declaratory and injunctive relief, and against Richard Milburn Academy only for purposes of seeking nominal damages, and challenges Defendants' policy of excluding educators from substitute teaching and as it applied to him.

24.   Each of the Defendants is a person acting under color of state law for purposes of 42 U.S.C. § 1983.

25.   Defendant School Board is the final policy maker for determining who can serve and who can not serve as a substitute teacher within the Volusia County School District.

26.   The Fourteenth Amendment to the U.S. Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny to any person within its jurisdiction the equal protection of the laws.

27.   Defendants' discrimination against Dr. Grant is not narrowly tailored or substantially related to any compelling or important government interest.  Indeed, it is not even rationally related to any legitimate government interest.  The discriminatory policy does not promote the safety, privacy, security, or well-being of students or teacher, but it does undermine the safety and privacy of Dr. Grant, who is publicly marked as different and inferior because of the Defendants

12

actions.

28.   Defendants' discriminatory policy deprives Dr. Grant and teachers like him of their right to equal dignity, liberty, and autonomy by branding them as second class citizens. Defendant thus denies Dr. Grant equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment.

29.   Defendant School Board has intentionally violated the Equal Protection Clause of the Fourteenth Amendment, for which Dr. Grant is entitled to nominal damages against Defendant School Board.

## COUNT II

### Violation of Title IX 20 U.S.C. § 1681, et seq.
### (Against Defendant School Board)

30.   Dr. Grant incorporates paragraphs 1 through 28 as though fully set forth herein.

31.   Title IX provides that no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

32.   Under Title IX, discrimination on the basis of sex includes, but is not limited to, discrimination based on gender, gender nonconformity, transgender status, gender expression, and

gender transition.

33.  Defendant School Board is a recipient of federal financial assistance from the United States Department of Education, and therefore subject to Title IX.

34.  Under Defendant School Board's discriminatory policy, Dr. Grant is unable to access benefits of other educators.

35.  By banning Dr. Grant from substitute teaching, Defendant School Board excludes Dr. Grant from participation in, denies him the benefits of, and subjects him to discrimination in educational programs and activities within the District, particularly at all public schools, on the basis of sex, in violation of Title IX.  For example, Defendants' discriminatory exclusion of Dr. Grant from substitute teaching because he used a non- threatening or stigmatizing statement and treating him lesser than other teachers, which causes Dr. Grant to feel branded and humiliated.

36.  Defendant School Board has intentionally violated Title IX, for which Dr. Grant is entitled to nominal damages against the School Board.

### PRAYER FOR RELIEF

**WHEREFORE**, Dr. Grant respectfully requests that this Court enter judgment in his favor and against Defendants on all claims, as follows:

14

A. Enter a declaratory judgment that Defendants' exclusion of Dr. Grant from substitute teaching within the District violates Drew's rights under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

B. Enter a declaratory judgment that Defendant School Board's exclusion of Dr. Grant from substitute teaching within the District violates Dr. Grant's rights under Title IX;

C. Issue preliminary and permanent injunctive relief enjoining all Defendants, including but not limited to Defendants Superintendent Russell and Principal Sands, in their official capacities, from treating Dr. Grant differently from other teachers in any respect, including but not limited to by denying Dr. Grant equal access to teaching opportunities within the District on the same terms as all other teachers, and

D. Award Dr. Grant, nominal damages against Defendant School Board in the amount of $1.00 for violation of Dr. Grant's rights under the Fourteenth Amendment to the U.S. Constitution and Title IX;

E. Award Dr. Grant reinstatement of employment, his costs, expenses, a positive letter of reference upon request, and retroactive pay, back-pay related to 42 U.S.C. § 1988 against Richard Milburn Academy and other applicable laws; and

F. Grant such other and further relief as the Court deems just and proper.

15

G. The declaratory and injunctive relief requested in this action is sought against each Defendant and their successors; against each Defendant's officers, employees, and agents; and against all persons acting in active concert or participation with any Defendant, or under any Defendant's supervision, direction, or control.

Dated:   December 10, 2017

Respectfully submitted,

Dr. Andre L. Grant, Pro Se
628 Hudson Street
Daytona Beach, Florida 32114-5114
(386) 334- 6907
andrelavon_grant@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has furnished by certified mail to: **Mr. Artherley Sands,** Principal and State Director, Richard Milburn Academy East, 1031 Mason Avenue, Daytona Beach, Florida 32117, and through electronic transmission to: **Mr. Michael G. Dyer,** Deputy General Counsel, mgdyer@volusia.k12.fl.us, Volusia County School Board, P.O. Box 2118, DeLand, Florida 32721 this 13th day of December, 2017.

Dr. Andre L. Grant, Pro se